IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ANTHONY CRUM, | : | CIVIL ACTION NO. **4:CV-06-0481** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| CAMERON LINDSAY, Warden, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

The Petitioner, Joseph Anthony Crum, presently an inmate at the United States Penitentiary at Canaan, Waymart, Pennsylvania, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 6, 2006. (Doc. 1). Petitioner has paid the filing fee. (Doc. 3).

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Title 28 U.S.C. § 2243 further provides that the "writ, or order to show cause shall be directed to the person having custody of the person detained." Thus, a Section 2241 petition may be filed in the district court having territorial jurisdiction over the place where the petitioner is incarcerated or otherwise physically present in custody. Where a Section 2241 petition is filed elsewhere, it may be and usually is transferred to the district of actual custody under the doctrine of *forum non conveniens*. *Chatman-Bey v. Thornburgh*, 864 F.2d 804 (D.C. Cir. 1988). "Any issue as to the convenience of the forum can be resolved as a venue question, and the District Court has full power under 28 U.S.C. § 1404(a) to transfer the case to a more appropriate district, provided

the suit could have been brought there in the first instance." *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962 (8th Cir. 1976), citing *Lee v. United States*, 501 F.2d 494, 501 (8th Cir. 1974).

In the instant proceeding, Crum is incarcerated at the United States Penitentiary at Canaan, Waymart, Pennsylvania, which is in this District.  However, the sole subject of his Petition is a due process challenge to a June 2005 Disciplinary Hearing held at his former place of incarceration, the Federal Correctional Institution at Ray Brook, New York, which is located in the Northern District of New York.  Crum's only connection to the Middle District of Pennsylvania is that it is his current place of confinement.  The Petition, if construed as a civil rights suit, should have been brought in the Northen District of New York, since Crum's only claim arose in this District, all involved prison staff are in this District, and all records concerning Crum's disciplinary hearing are in this District.

We have reviewed the instant habeas petition and find that this case is more appropriately a *Bivens*[1] civil rights action.

As the Court in *Abdullah v. U.S.*, 2001 WL 283159 *2, n. 3 (E.D. Pa.) noted:

> [W]hile Abdullah was convicted before us, he is now incarcerated
> in Florence, Colorado.  For the purposes of our analysis here, we
> will act as if this Court is a proper venue for Abdullah's § 2241
> petition.  The proper resolution of his venue question, however,
> is far from clear, and we explicitly make no decision about it,
> *see In re Dorsainvil*, 119 F.3d 245, 252 (3d Cir. 1997) (noting that
> a motion for habeas corpus pursuant to § 2241 should be filed
> "in the district of his confinement"), *but cf. In re Nwanze*,
> [242] F.3d [521], No. 00-14159, 2001 WL 245120 at * 6-7

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

2

>(3d Cir. Marc. 13, 2001) (addressing the appeal of an inmate
>from a district court's order transferring his § 2241 petition from
>the Western District of Pennsylvania (the district of confinement)
>to the Eastern District of Virginia (the district of conviction), and
>denying that appeal based upon a finding that the Eastern District
>of Virginia court would reach the merits of the petition and that
>transfer pursuant to 28 U.S.C. § 11404(a) was appropriate).

However, the Court in *In Re Nwanze* also stated that "it is doubtful that an inter-district transfer of a section 2241 petition may be made from the district of confinement to the district of sentencing to continue to be treated after transfer as a section 2241 petition." 242 F.3d at 524-28.

In the present case, Crum's claims that he was denied his due process rights at his UDC hearing and DHO hearing sound as a civil rights action under *Bivens*, as opposed to a § 2241 habeas petition. In fact, Crum makes no specific request for relief in his filing. Thus, if Crum is only challenging his conditions of confinement at FCI-Ray Brook regarding his DHO hearing, then his action is a *Bivens* action, and the proper venue is the Northern District of New York. If Crum were seeking relief that would affect the length of his confinement, such as restoration of lost good conduct time credits lost as a disciplinary sanction, then his action could be a habeas petition. As stated, Crum makes no request for relief in this case challenging the duration of his confinement.

Crum's due process claims are thus properly raised as a § 1331 *Bivens* action. His claims do not fall within the core of habeas corpus because there is no relief request seeking release from confinement in prison, and there is no request that would necessarily imply that Crum's incarceration will be shortened if he succeeds in his present action.[2]

---

[2] In the case of *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002), the Court held that when an inmate is challenging issues which affect the length of sentence, a habeas corpus petition and not a civil rights action is the exclusive federal remedy.

3

Crum's instant claims regarding the legality of his DHO hearing are claims regarding the conditions of his confinement at FCI-Ray Brook, and do not relate to a speedier release from confinement and are not at the core of a habeas petition. As such, Crum's stated habeas claims are cognizable as *Bivens* claims under 28 U.S.C. § 1331. *See Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005); *Carson v. Johnson*, 112 F. 3d 818, 820-821 (5th Cir. 1997) ("If a favorable determination ... would not automatically entitle [Petitioner] to accelerated release, the proper vehicle is a § 1983 [civil rights] suit.") (citations omitted).

Here, as stated, Crum makes no claim for restoration of lost good conduct time credits, and he does not implicate the duration of his confinement. Rather, he only challenges the legality of his DHO hearing by claiming that he was not allowed to call witnesses, he was not allowed to present evidence, and the UDC did not timely conduct a hearing as required.

---

The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S.Ct. 1827 (1973). Crum, in the present case, does not attack the duration of his incarceration and does not seek an earlier release from prison. Rather, he only challenges the procedures of his disciplinary hearing and UDC hearing regarding a June 2005 misconduct report at FCI-Ray Brook. Thus, he has not requested relief that would alter the term of his confinement. Therefore, Crum's action is a civil rights suit, and not a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Muhammad v. Close*, ___ U.S. ___, 124 S.Ct. 1303, 1304 (2004) (Per Curiam) (civil rights action not *Heck* barred where inmate did not seek to expunge misconduct charge since it could not be construed as seeking a judgment at odds with inmate's conviction or calculation of time to be served on underlying sentence).

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the vehicle for a federal inmate incarcerated under a federal judgment of sentence to challenge the duration of his custody. Conversely, the general remedy for prisoners challenging their conditions of confinement, as Crum is doing here, is through the filing of a civil rights action. *Preiser, supra.; Muhammad, supra.*

4

Due process requires that the prisoner receive written notice of the charges against him no less than twenty-four (24) hours before the hearing;[3] that the prisoner be given a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action taken; that the prisoner be afforded a qualified right to call witnesses and present documentary evidence in his own defense; and that an illiterate inmate be entitled to help from a fellow inmate. *Wolff v. McDonnell*, 418 U.S. 539 at 564-571 (1974).  In the present case, Crum alleges that the requirements of *Wolff* were not met with respect to his DHO hearing at FCI-Ray Brook.  Crum's *Wolff* due process claims are more appropriately considered as *Bivens* claims, as discussed.  Thus, we shall recommend that this case be construed as a *Bivens* civil rights action, and that it be transferred to the United States District Court for the Northern District of New York, where all of the claims accrued, all involved prison staff are located, and all of the records are located.

Based on the foregoing, it is respectfully recommended that this § 2241 Habeas Petition be construed as a *Bivens* action, and that it be transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a).

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  March 21, 2006**

---

[3]The 24 hours advance notice must be made before the inmate's appearance in front of the DHO.  28 C.F.R. §541.17(a).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ANTHONY CRUM, | : | CIVIL ACTION NO. **4:CV-06-0481** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CAMERON LINDSAY, Warden, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 21, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                  <u>s/ Thomas M. Blewitt</u>
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: March 21, 2006**