IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ANTHONY CRUM, | : | No. 4:06-CV-00481 |
| Petitioner, | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| CAMERON LINDSAY, Warden, | : | |
| Respondent. | : | |

**O R D E R**

April 11, 2006

**BACKGROUND:**

Petitioner Joseph Anthony Crum is presently incarcerated at USP-Canaan in Waymart, Pennsylvania. On March 6, 2006, Crum filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was initially referred to United States Magistrate Judge Thomas M. Blewitt.

Crum's petition arises from an allegedly defective disciplinary proceeding conducted at FCI-Ray Brook on June 27, 2005. FCI-Ray Brook is in upstate New York, within the jurisdiction of the United States District Court for the Northern District of New York.

Crum alleges that while at FCI-Ray Brook, he was prevented from calling witnesses and presenting physical evidence at a prison disciplinary hearing. Crum

also alleges that the hearing was untimely, and that the discipline committee falsified hearing documents to disguise this violation of prison policy.

Magistrate Judge Blewitt recommended that Crum's § 2241 habeas petition be construed as a civil rights action under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and that the case be transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a). While we agree with the magistrate judge that Crum's habeas petition should be construed as a <u>Bivens</u> action, we find that transfer is inappropriate. We will therefore dismiss the petition for a writ of habeas corpus.

**DISCUSSION:**

Crum does not challenge "the fact or duration of his physical confinement itself, . . . [nor does he] seek[] immediate release or a speedier release from that confinement–the heart of habeas corpus." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498 (1973). Instead, Crum complains of procedural defects in a prison disciplinary hearing. As the magistrate judge noted, Crum makes no claim for restoration of lost good time credits.[1] We agree with the magistrate judge that petitioner's claim

---

[1] In his "General Objections," Crum stated that " Petitioner object [sic] to the subject of petitioners [sic] claim in which petitioner challenge the hearing findings

2

should be construed as a civil rights action under Bivens challenging the conditions of his prison life.

The magistrate judge also recommended that the case be transferred to the Northern District of New York. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Crum might have brought his Bivens action in the Northern District of New York, because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. § 1391(b)(2). Any defendants, witnesses, and documents are also presumably located within the Northern District of New York. The United States District Court for the Northern District of New York is therefore the appropriate forum for Crum to pursue his

---

which of itself shows that the only relief petitioner seeks for relief is to restore saction [sic] of loss [sic] good time credit." (Rec. Doc. No. 6, at ¶ 2.) Crum does not further explain this objection. The balance of Crum's page and a half of objections reveal his wish to amend or resubmit his petition. As explained below, Crum may file a civil action under Bivens in the United States District Court for the Northern District of New York.

3

Bivens action. However, we decline to transfer the case to that district.

The filing fee for a habeas corpus petition is five dollars. The filing fee for a civil action is three hundred and fifty dollars. If we were to simply construe habeas petitions as civil actions, prisoners would easily circumvent the normal filing process for civil actions and abuse habeas corpus. We therefore decline to transfer this case to the Northern District of New York. The magistrate's report will be adopted in part. Crum is free to file a civil action in the Northern District of New York to pursue his Bivens claim.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Report and Recommendation of United States Magistrate Judge Thomas M. Blewitt is adopted in part. (Rec. Doc. No. 5.)

2. Joseph Anthony Crum's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge